UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| J. CLINT ROBERTSON,<br><br>               Plaintiff,<br><br>v.<br><br>STEVEN MAURO; HEIDI MAURO,<br>husband and wife, AND THE<br>MARITAL COMMUNITY<br>THEREOF; JANE/JOHN DOES, I-V,<br><br>               Defendants. | Case No. 2:13-cv-00027-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendants Steven and Heidi Mauro filed on April 3, 2013, a motion to dismiss counts one, two, four, and five of Plaintiff Clint Robertson's eleven count Complaint, as well as to dismiss Heidi Mauro as a named defendant. The motion is fully briefed, and the Court conducted a hearing on June 19, 2013. On June 21, 2013, Plaintiff filed a motion to amend the complaint, which would eliminate count five. (Dkt. 15.) Defendants do not oppose the proposed amendment, provided the Court addresses the remaining issues raised by the Motion to Dismiss. (Dkt. 16.)

**MEMORANDUM DECISION AND ORDER - 1**

After carefully considering the parties' arguments, the applicable authorities, and the pleadings, the Court will grant the motion to dismiss in part, and deny it in part. Plaintiff's motion to amend will be granted consistent with the Court's order.

## BACKGROUND[1]

Steven Mauro operates a business conducting seminars to teach people how to trade in foreign currency. Robertson became acquainted with Steven Mauro after attending a seminar Mauro taught in October of 2009. Robertson attended additional seminars, and pitched a plan to Steven Mauro to increase his business. Robertson alleges that in January of 2010, he and Steven Mauro orally agreed to form a partnership, which included an agreement to evenly divide profits among the partners. The purpose of the partnership was to facilitate Robertson's business plan to establish a series of seminars, taught by Steven Mauro, which would instruct students on foreign currency trading. Robertson was to manage all financial and operating aspects of the partnership, which included promoting the seminars, as well as other duties. Robertson began to schedule seminars in various locations, which Steven Mauro taught. Robertson collected the fees for the seminars and distributed the profits according to the parties' agreement. This arrangement continued throughout the remainder of 2010, into the first quarter of 2011.

On January 16, 2011, Robertson met with Steven Mauro at Mauro's home in Florida to discuss the future of the business. Steven Mauro allegedly stated to Robertson that he "needed a break" temporarily from teaching the seminars, but would resume the partnership later that year. Robertson alleges this statement was false, and that instead of

---

[1] The alleged facts are taken from the Complaint, filed on January 16, 2013, and are assumed as true for purposes of the Motion to Dismiss.  (Dkt. 1).

**MEMORANDUM DECISION AND ORDER - 2**

taking a break, Steven Mauro and his wife, co-defendant Heidi Mauro, continued with the business without him.

Robertson's complaint alleges that he learned, in March of 2011, that Steven Mauro breached their partnership agreement and the covenant of good faith and fair dealing by failing to associate with Robertson as a co-owner, and that Steven Mauro converted partnership assets to his own use in violation of the Partnership Agreement. Robertson seeks relief alternatively under a promissory estoppel argument, contending that he believed Steven Mauro's statement that Mauro was "taking a break" from the business to be true, and that he relied upon that statement to his detriment. Additionally, Robertson claims that Steven Mauro's actions constitute wrongful dissociation under Idaho Code § 53-3-602, because neither party expressed the intent to dissolve or wind up the partnership, yet Steven Mauro's actions essentially accomplished a disintegration of the partnership without Robertson's consent.

In addition to the above described claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and wrongful dissociation, Robertson asserts alternative claims for breach of fiduciary duty; conversion; intentional interference with prospective economic advantage; fraud; dissolution and winding up; accounting of partnership assets; and unjust enrichment. Although the Complaint does not mention specific conduct committed by Heidi Mauro supporting all eleven claims, the Complaint alleges Heidi became the Vice President of the corporation her husband formed in 2012, and that as an incorporator, she converted partnership assets for the benefit of the corporation and marital community. (Compl. ¶ 29.)

**MEMORANDUM DECISION AND ORDER - 3**

The Complaint seeks damages for the period after March of 2011.

**ANALYSIS**

**1.      Motion to Dismiss Standards**

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this is a fairly liberal standard, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." To withstand a motion to dismiss, a complaint must "contain sufficient factual matter ... to state a claim to relief that is plausible on its face." Although the court is to accept the allegations contained in a complaint as true, the court is not required to accept as true legal conclusions.

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, a complaint, or portions thereof, will be dismissed if the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* with approval). A complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations... but requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The complaint must plead "enough facts to state a

**MEMORANDUM DECISION AND ORDER - 4**

claim to relief that is plausible on its face." *Id*. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## 2.    Satisfaction of Pleading Standards

### a.    *Contract Based Claims*

Mauro first argues that Robertson's claims for breach of contract and promissory estoppel do not satisfy Fed. R. Civ. P. 8 and *Iqbal*, because it is inconceivable that two sophisticated parties would form an oral agreement binding them to a partnership. Mauro contends that the alleged oral agreement is lacking in certain key terms, specifically the grounds upon which a partner might terminate the partnership; the specific start and end dates; and the circumstances under which a partner may take a leave of absence from the partnership. Mauro asserts that, without an enforceable contract, Robertson's claims for promissory estoppel and breach of the covenant of good faith and fair dealing fail also. Additionally, Mauro contended in his briefing that the parties' oral agreement did not meet the requirements of the statute of frauds. During oral argument, Mauro conceded that the statute of frauds would not apply.

Under Idaho law,[2] a partnership is defined as an "association of two or more persons to carry on as co-owners a business for profit." Idaho Code § 53-3-101(8). A partnership agreement may be "written, oral, or implied." Idaho Code § 53-3-101(9). A partnership at will is defined as a partnership "in which the partners have not agreed to remain partners until the expiration of a definite term or the completion of a particular

---

[2] Both parties rely upon the provisions of Idaho's Uniform Partnership Law, Idaho Code § 53-3-101 *et. seq.*

**MEMORANDUM DECISION AND ORDER - 5**

undertaking." Idaho Code § 53-3-101(10). If a partnership agreement is silent concerning various terms, the Uniform Partnership Law (UPL) "governs the relations among the partners and between the partners and the partnership." Idaho Code § 53-3-103. The formation of a partnership is based upon the association of the partners to carry on as co-owners of a business for profit, not the parties' subjective intent to form a partnership. Idaho Code § 53-3-202. Thus, parties may inadvertently create a partnership regardless of their subjective intent. Idaho Code § 53-3-202, Off. Cmt. 1.

The Court agrees with Robertson that he has sufficiently pled the existence of an oral partnership agreement at will under Idaho law. Robertson alleges an oral partnership agreement to arrange for and conduct training seminars for profit. Robertson alleges that the parties performed according to their agreement for over one year. Any missing terms of the parties' agreement would be supplied by the UPL. Further, a partnership at will needs no specific start and end dates.

Next, Mauro argues that Robertson's concession that the partnership was "at will" is fatal to Robertson's breach of contract, breach of covenant of good faith and fair dealing, and estoppel claims. Mauro asserts that an "ouster" of a partner from a partnership at will cannot form the basis of a breach of contract claim as a matter of law, and therefore, the contract based claims for promissory estoppel and breach of the duty of good faith and fair dealing fail.

Under the UPL, a partner may maintain an action against the partnership or another partner for legal or equitable relief, with or without an accounting as to partnership business, to "enforce the partner's rights under this act" or the partnership

**MEMORANDUM DECISION AND ORDER - 6**

agreement. Idaho Code § 53-3-405(b)(1), (2). A partner's rights under the act include, but are not limited to, the partner's right on dissociation to have the partner's interest in the partnership purchased; the partner's right to compel a dissolution and winding up of the partnership business; or to enforce any other rights under the act. Idaho Code § 53-3-405(b)(2).

The facts as pled in the Complaint satisfy the UPL's requirements. Robertson alleges he was notified in November of 2011 that Mauro had unilaterally resumed the partnership business without Robertson, and that Mauro planned to operate the business alone. Robertson alleges in the breach of contract claim that he learned he was "ousted" in March of 2011. The breach is alleged to be Mauro's "failure to associate with Plaintiff as co-owner, in a profit-making enterprise initiated by Defendant and identical to the business of the partnership, and by converting the partnership website" and other property for Defendant's own use, in violation of the Partnership Agreement. (Compl. ¶ 34.) Robertson contends also that he is entitled to an accounting and winding up of the partnership. (Compl. ¶ 78-79.)

Although perhaps not artfully plead by Robertson, Mauro is incorrect that the at will nature of the partnership agreement invalidates Robertson's breach of contract claim. The breach of contract claim exists by statute. Mauro may not rely upon the at will nature of the oral partnership agreement to invalidate Robertson's breach of contract claim and the two claims for estoppel and good faith dependent upon it. A partner may maintain a breach of contract action against either the partnership or an individual partner, and may seek to enforce his rights under the UPL or the parties' agreement.

**MEMORANDUM DECISION AND ORDER - 7**

Mauro attempts to limit the scope of Robertson's breach of contract claim to Mauro's wrongful termination of the partnership. At the hearing, Mauro tried to further limit the claim to the period between January of 2010 and March of 2011. In other words, Mauro argues that, because the partnership was at will and could be terminated at any time, Mauro's actions in doing just that are not actionable. But Robertson did not limit his claim in that fashion. A fair reading of the Complaint indicates Robertson's breach of contract claim encompasses Mauro's actions in continuing the partnership business[3] without telling Robertson he was doing so, and converting partnership assets to Mauro's own use.

Robertson has successfully pled a cause of action for breach of contract seeking to enforce his rights under the parties' oral agreement and under the UPL. Because Mauro relied upon his argument that, if the breach of contract claim was dismissed then so, too, go the claims for promissory estoppel and breach of the covenant of good faith and fair dealing, the Court need not address those claims further.

Because Mauro withdrew his argument regarding the statute of frauds at the hearing, the Court will not address that argument further.[4]

**b.    *Wrongful Dissociation***

Mauro argues that the Complaint does not adequately plead a cause of action for wrongful dissociation because the partnership agreement was oral and Robertson

---

[3] It is not clear how Steven Mauro, as a single individual, could have continued the partnership alone, since a partnership requires an association of two or more persons. Idaho Code § 53-3-101(8).
[4] Mauro's statute of frauds argument fails as a matter of law. As mentioned above, the UPL expressly provides, by statute, for an oral partnership agreement and for a partnership to be unlimited in duration or to continue indefinitely. Idaho Code § 53-3-101(10). Further, the UPL supplies any missing terms of the parties' oral agreement.

MEMORANDUM DECISION AND ORDER - 8

concedes the partnership was at will. Mauro contends that Idaho Code § 53-3-602

expressly excludes such an arrangement from the definition of wrongful dissociation.

Idaho Code § 53-3-602 states:

> (a) A partner has the power to dissociate at any time, rightfully or wrongfully, by express will pursuant to section 53-3-601(1), Idaho Code.
> (b) A partner's dissociation is <u>wrongful</u> <u>only if</u> any of the following apply:
> (1) It is in breach of an express provision of the partnership agreement; or
> (2) In the case of a partnership for a definite term or particular undertaking, before the expiration of the term or the completion of the undertaking if any of the following apply:
> (i) The partner withdraws by express will . . .
> ***
> (c) A partner who wrongfully dissociates is liable to the partnership and to the other partners for damages caused by the dissociation. . . .

(emphasis added).

Robertson alleges that Mauro's dissociation was wrongful because the "particular

undertaking for which the partnership was organized had not been completed," and

neither of them had expressed the intent to dissolve or wind up the partnership. But

Mauro cites to Idaho Code § 53-3-602's requirement that a partner's dissociation is

wrongful only if it is in breach of an express provision of the partnership agreement, and

Robertson has not identified any such provision. Mauro further contends that, because the

partnership agreement was oral, Robertson cannot bring a claim for wrongful dissociation

under Idaho law.

Based upon the allegations in the Complaint and Robertson's concession that the

partnership was at will, Robertson's claim that Mauro's dissociation was wrongful does

**MEMORANDUM DECISION AND ORDER - 9**

not meet Idaho Code § 53-3-602(b)'s requirements. First, Robertson has not alleged breach of an express provision of the partnership agreement[5] other than that the particular undertaking for which the partnership was organized had not been completed. Robertson does not identify the "particular undertaking" at issue. And Robertson's concession in his response brief that the partnership was "at will" is at odds with that assertion. By definition, Idaho Code § 53-3-602(b)(2) does not apply to an at will partnership. The two provisions are mutually exclusive.

Robertson apparently now concedes his claim for wrongful dissociation fails. His motion to amend the complaint eliminates Count Five for wrongful dissociation. The Court will therefore dismiss the claim for wrongful dissociation, and grant the motion to amend the complaint. But the Court will require that Robertson make additional revisions to the complaint, as explained below.

## 3.   Mrs. Mauro

Heidi Mauro argues she should be dismissed as a named party, because the Complaint does not allege that Mrs. Mauro caused any harm to Robertson, and she appears to be named simply because she is Steven Mauro's wife. Robertson argues that the Complaint identifies Heidi Mauro as an incorporator of the entity that converted partnership assets. (Compl. ¶29.) In his brief, Robertson argues that Heidi Mauro is directly implicated in his claim for conversion because of her active role in creating and operating entities that are allegedly using the partnership assets.

---

[5] Mauro argues there can be no "express" provisions because the agreement was oral. Mauro has not provided any authority for that argument. "Express" is defined as "clear, definite, explicit, plain." BLACK'S LAW DICTIONARY 580 (6th ed. 1990). Nothing in the definition of "express" requires a writing.

MEMORANDUM DECISION AND ORDER - 10

The claim for conversion against Heidi Mauro is sufficiently pled. The complaint alleges that Heidi Mauro is vice president of the corporation that converted partnership assets. It can be inferred on the basis of the allegations that Mrs. Mauro, by virtue of her role, controls some aspect of the corporation she formed with her husband, and because of her role, had knowledge of the prior partnership and the source of the assets flowing to the new corporation. Robertson has adequately pled acts forming the basis of the conversion claim against Heidi Mauro. However, to the extent that Heidi Mauro is implicated in the other ten claims,[6] Robertson does not contest that she should be dismissed from those causes of action.

Robertson will be required to amend his complaint to clarify that Heidi Mauro is a defendant solely with respect to the conversion claim, and identify her as such in the claim for relief. This will require amending the references to "Defendant" in the complaint such that the reference to the proper defendant is made in each claim.

## CONCLUSION

Based upon the Court's analysis, Mauro's motion to dismiss will be granted in part and denied in part. The motion is granted as to Count 5, the claim for wrongful dissociation, and the motion to amend is, in turn, granted given it proposes to eliminate the same claim. However, Robertson will be given seven (7) days to amend his complaint to clarify that the only claim asserted against Heidi Mauro is the conversion claim.

---

[6] In the Complaint, Robertson refers to "Defendant" throughout, and appears to refer to Steven Mauro. Although both Heidi and Steven Mauro are named as defendants, Robertson continually refers to "defendant" in the singular.

MEMORANDUM DECISION AND ORDER - 11

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss (Dkt. 3) is **GRANTED IN PART AND DENIED IN PART.**

2) Plaintiff's Motion to Amend (Dkt. 15) is **GRANTED** with respect to the proposed elimination of Count 5, the claim for wrongful dissociation, from the Complaint. However, Plaintiff's proposed amended complaint must be further revised consistent with this Memorandum Decision and Order.

3) Plaintiff shall have up to and including **July 10, 2013**, within which to file an amended complaint.

Dated: June 28, 2013

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**